**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**THERESA FANUA GURR LEIATAUA, Defendant**

High Court of American Samoa
Trial Division

CR No. 9-94
CR No. 44-94

August 30, 1996

Before RICHMOND, Associate Justice, AFUOLA, Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiff, Henry W. Kappel, Assistant Attorney General
 For Defendant, Ellen A. Ryan

Order Denying Motion For Reconsideration:

Defendant Theresa Fanua Gurr Leiataua ("Leiataua") moved for reconsideration of the court's denial of her motion to correct an illegal sentence. We regularly heard the motion on August 21, 1996. Counsel for both parties were present.

Plaintiff American Samoa Government ("ASG") contends, as it did on the original motion, that the court lacks jurisdiction to hear the motion for reconsideration. We could have proceeded on this basis. Leiataua's motions are procedurally based upon T.C.R.Cr.P. Rule 35(a), which states that an illegal sentence may be corrected at any time. Rule 35(a) conflicts and must give way to A.S.C.A. § 46.2402, which requires that a motion for new trial shall be filed within 10 days after entry of the judgment or sentence. *American Samoa Government v. Falefatu*, 17 A.S.R.2d 114, 119-121 (Trial Div. 1990).

As stated in *Falefatu*, 17 A.S.R.2d at 120:

> Insofar as the cited provision of Rule 35 purports to extend or abolish the mandatory deadline for alleging errors of law in a criminal sentence, it is in direct conflict with the statute. In cases of such conflict the statute, enacted pursuant to the power of the Fono to define and reasonably restrict the jurisdiction of the High Court, must prevail over the judge-made rule (citations omitted).

We chose, however, without fully articulating reasons, to follow the further *Falefatu* precedent of construing the original motion, and the present motion as well, as addressed to our discretion under A.S.C.A. § 46.2205(b) to modify the condition of probation to which Leiataua objects. *Id.* at 121. Thus, we were enabled to consider and, if well taken, correct her alleged defect in this condition.

■ We also wanted to point out Leiataua's misconception of the word "sentence," in the context of the original motion. Her sentence is the term of imprisonment imposed with execution suspended. It will not begin unless and until her probation is revoked. We merely modified the detention condition of her probation on February 5, 1996, pursuant to our authority under § 46.2205(b). This court fully discussed and recognized the distinction between a "sentence of imprisonment" and "detention as a condition of probation" in *Atuatasi v. American Samoa Gov't*, CA No. 55-88, slip op. (Trial Div. July 25, 1988), *aff'd* 9 A.S.R.2d 67, 72 (Appellate Div. 1988). We reaffirm this valid distinction now.

■ We also reaffirm our denial of the original motion. Based on changed circumstances, clearly spelled out and fully explained, we modified Leiataua's conditional detention, as authorized by § 46.2205(b). We were not required to find any violation of the conditions of her probation. A violation is only a prerequisite to revocation of probation and execution or imposition of the sentence under A.S.C.A. § 46.2209.

The motion for reconsideration is denied.

It is so ordered.